United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America,<br><br>    v.<br><br>Robert A. Santos,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Criminal Action No.<br>)  18-10447-NMG<br>)<br>)<br>)<br>) |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is the motion of defendant Robert Santos ("Santos" or "defendant") for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). In light of the COVID-19 pandemic, Santos seeks to have this Court reduce his 12-month and one day sentence to time served. Mr. Santos has been designated to serve his sentence at USP Hazelton in West Virginia, having been convicted of drug trafficking. His projected date of release is September 1, 2021.

### I.  Background

Defendant has a lengthy criminal history which spans several years. Relevant to the instant offense, in April, 2019, defendant pled guilty after being recommended for acceptance into the RISE program to a one-count criminal indictment charging him with possession with intent to distribute cocaine

-1-

base, in violation of 21 U.S.C. § 841(a)(1).  Santos completed the RISE program in September, 2020, and was sentenced by this Court to 12 months and one day in prison, a 60% reduction from the low-end of the applicable sentencing guideline.

After several requested continuances, defendant was directed to self-surrender to the U.S. Marshals Service on January 4, 2021.  Five days prior to that date, however, he was arrested for assault and battery on a pregnant victim, assault and battery on a family/household member and assault and battery and threat to commit a crime.

Although defendant was designated to serve his sentence at USP Hazleton, he was initially housed at the Wyatt Detention Center in Rhode Island before being transferred to Tallahatchie County Correctional Facility in Mississippi and, then, to the Federal Transfer Center in Oklahoma.  He has yet to arrive at USP Hazleton and has not been offered a COVID-19 vaccination during his incarceration.

Defendant now moves this Court to modify his current sentence to time served because of the risks posed by COVID-19 and the harsh prison conditions imposed by the prison authorities to prevent its spread.  With respect to the first reason, he contends that he suffers from a medical condition that makes him especially vulnerable to contracting a severe case of the virus, namely, asthma which has been well-

documented. He also submits that the balance of the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of his release. The government acknowledges defendant's physical health condition but, nonetheless, urges this Court to deny the motion because his release poses a significant danger to the community.

## II. Motion for Compassionate Release

### A. Legal Standard

A court may reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c) only if, after considering the factors set forth in § 3553(a), the Court finds that there are "extraordinary and compelling reasons" warranting such a reduction. § 3582(c)(1)(A)(i). Such a modification may be made upon a defendant's motion only after he has fully exhausted his administrative remedies. § 3582(c)(1)(A). Even if all other requirements are satisfied, a court should only grant a motion for release if it determines that the defendant is no longer a danger to the public. Id.

### B. Application

Although defendant suffers from asthma and has not been offered the COVID-19 vaccination, the combination of which may put him at a higher risk for complications due to the virus, he is not entitled to a modification of his sentence pursuant to § 3582(c)(1)(A) because the dangers he would pose to the public if released outweigh other considerations. See United States v.

Jermaine Whinleton, No. 13-cr-00064, 2020 WL 7265844, at *3 (D. Me. Dec. 10, 2020) (denying an asthmatic defendant's motion for compassionate release because, due, in part, to his extensive criminal history, he poses a danger to the public); Delacruz v. United States, 471 F. Supp. 3d 451, 455-57 (D.N.H. 2020) (same). Santos is currently serving a sentence for drug trafficking which is a very serious offense and also follows prior convictions for illegal possession of a firearm and for assault and battery on a public employee.  Just days prior to his self-surrender date in this case, moreover, defendant was arrested for assault and battery.  Given that extensive criminal history, the Court finds that, if released, there is a disturbing likelihood that Santos will recidivate and, therefore, endanger the community.

In the memorandum filed in support of defendant's motion for compassionate release, defense counsel emphasizes Santos' effort at rehabilitation, namely, his completion of the RISE program.  Although such effort is commendable, it does not assuage the concern of this Court as to the risk he poses to the public. See Whindleton, 2020 WL 7265844, at *3 (commending the defendant's efforts towards rehabilitation but, nonetheless, concluding that the risk he poses to the community outweighs them).  Indeed, defendant's most recent arrest took place after his completion of the program and sentence was imposed.

In any event, this Court just recently considered the factors set forth in 18 U.S.C. § 3553(a) with respect to Mr. Santos and determined that, notwithstanding the pandemic and his participation in RISE, a 12-month sentence is appropriate in that it properly balances, inter alia, the severity of Santos' offense and the need for adequate deterrence, just punishment and respect for the law. See § 3553(a).  Accordingly, no reduction of defendant's sentence is warranted and his motion seeking one will be denied.

### ORDER

For the foregoing reasons, defendant's motion for compassionate release (Docket No. 87) is **DENIED without prejudice.**

**So ordered.**

>/s/ Nathaniel M. Gorton
> Nathaniel M. Gorton
> United States District Judge

Dated July 20, 2021